Thacher, J.
The words of the statute are express that the report of the referees shall be made to the next Court of Common Pleas to be holden in the county, &cc. If the word next, in this place, means any thing, it must mean next after the award made. Now, it appears by the record that the award was made on the 28th day of October; and it also appears by the record that' the court which accepted the report, and rendered judgment upon the same, was holden on the 26th day of October, two days previous to the time of making the award. I am of opinion, therefore, that the second error is well assigned, and that the judgment must be reversed.
Sewall, J.
The error insisted on is that the report of the referees, conformably to the judgment complained of, appears to have been dated on the 28th day of October, whereas the term of the Court of Common Pleas, in which the judgment was rendered, commenced on the 26th day of that month. [*415] *The statute which provides for references, by the consent of the parties in any dispute, before a justice of the peace, has directed, “ that the determination of the referees, who may be appointed, shall be made to the next Court of Common Pleas, to be holden in and for the county in which the justice of the peace lives, and the Court of Common Pleas to whom the report of the referees may be made as aforesaid, shall have cognizance thereof in the same way and manner, and the same doings shall be had thereon, as though the same had been made by referees *311 appointed by a rale of the same court.” The form of the agreement, prescribed by the same statute, to be executed by the parties, is, in this particular, thus expressed : “ the report of whom, &c., being made as soon as may be to any Court of Common Pleas, to be holden in and for the said county, judgment thereon to be made final.” ■ '
Taking the whole together, and considering the analogy of these agreements and reports with rules and reports originating in the Common Pleas, as provided by the statute; and the manner in which the jurisdiction has been always exercised, my construction of the statute is, that reports by referees appointed by agreements before a justice of the peace are to be made, as soon as may be after their formation, to the Court of Common Pleas for the same county which shall be then, or next in point of time, in session. I think this construction reasonable in itself and warranted by the words of the statute; combining, to discover the intention of the legislature, the two clauses which I have cited. The like method of construction was adopted, in this Court, in determining a question, very similar to the present, whether the word “ next,” in the first clause cited, related to the appointment of the referees, or to their report. It was determined, chiefly upon a consideration of * the words cited from the agreement of the [ * 416 ] parties, that the relation was to the report, because any other construction would be a limitation of the authority of the referees, unnecessary, and contrary to the tenor of the agreement of the parties. The construction now suggested is justifiable upon the same ground, as tending to prevent delays in the final establishment of the report of the referees, equally unnecessary, and contrary to the tenor of the agreement in which the parties are supposed to have consented. The error insisted on against the judgment before us, is the supposed effect of a legal fiction, whereby the term of a court is reckoned as one day, denominated from the first day of the term, whatever may be its continuance. Fictions of law are allowable and to be favored when they operate to the furtherance of justice ; but when they operate to its hinderance and delay, are to be applied with great strictness and caution, and in many instances may be wholly avoided, by contrary averments. But in the construction of a statute, I cannot for myself imagine that the legislature had in view a fiction of this nature, which is scarcely known in the community, excepting to the immediate pracLsers and professors of the law.
There is to this error assigned a further answer, from a consid' eration of the general extent of the jurisdiction of a Court of Common Pleas, and the rules of law applicable to jurisdictions of that *312 description. Every Court of Common Pleas, in its respective county, has cognizance of all civil actions exceeding the value of forty shillings, (a) arising or happening therein, triable by the common or statute law, and has authority to give judgment and award execution accordingly. To a court thus authorized the [ * 417 ] rule of the law respecting * the superior courts at Westminster may be, I think, suitably applied—“That every thing done by them is supposed to be done within their jurisdiction, unless the contrary especially appears.” 1 Bac. Abr. 559, cites Carth. 11, 12. By the statute of references before a justice of the peace, this general jurisdiction in civil actions may be employed in the same manner, and with the same effect, by the process therein appointed, as in other forms.. The subject matter, therefore, being a demand in the nature of a civil action, arising within the county, brought before them by a lawful process, is within their general jurisdiction ; and in this view the question is not so properly whether the court, in this instance, had a jurisdiction, as it is whether they have administered their authority in a lawful and unexceptionable manner. The report, upon which the judgment complained of was rendered, consists of several certificates by the referees. One certificate, of a date preceding the commencement of the term of the Court of Common Pleas in which the judgment was rendered, ascertains the damages, and in fact the whole award reported by the referees. The after certificate—that on which the present question arises—is merely a refusal by the referees at another meeting, holden upon the intercession of the plaintiff in error, to reconsider or alter their former report. There is, therefore, nothing in this record which manifestly prevented the jurisdiction of the Court of Common Pleas, or their exercise of it, at the particular term, when the judgment was rendered, upon any construction of the statute which has been attempted.
The decisions which have been cited and relied on by the plaintiff in error, (as well the decision in England as certain decisions in this Court,) were had in cases differing, as I conceive, very essentially, in the nature of the jurisdiction there exer- [ * 418 ] cised, *from the case before us. In the cases cited, the jurisdiction, avoided, was special and against common right. In this light, the discharge of a debtor lawfully committed for the satisfaction of his creditor, and decisions of Courts of Session for the establishment of highways to the privation of individuals, are, in my opinion, to be considered. Authorities of this kind *313 must be strictly pursued; else the rights upon which they operate are not taken away. In the case before us, certain existing rights, ascertained by a lawful process, have been confirmed and enforced by a judgment of a court having a general jurisdiction in the subject matter, and in the course certified to us by the process before us. Upon the whole, my opinion is against the reversal of this judgment for the error assigned and insisted on by the plaintiff in error, and which, therefore, has been the only one particularly considered in the discussion; though in this opinion I have the misfortune of dissenting from a majority of my brethren.
Sedgwick, J.
This is a writ of error brought to reverse a judgment of the Court of Common Pleas, whereby a report of referees, on a subject submitted to them by these parties, according to the statute in that behalf, was accepted. The report was made on the 28th day of October, 1802, and the term of the court, at which the report was accepted, commenced on the 26th day of the same October. We cannot know from any part of the record, nor is it indeed pretended, that the date of the report is not the true time when it was made. The report made on the 28th of October is the report which was accepted by the court, and judgment rendered thereon is that of which the writ of error in this case complains. It is, then, of no importance what had been done previously by the referees. The only question, for the decision of the Court, is, whether a report made by the * referees could, [ * 419 ] by law, be accepted by the Court of Common Pleas at a term which had commenced before the report was made. This depends on the construction of the statute ; it being always remembered that these proceedings are unknown to the common law, and authorized only by the statute. Now, the only authority which the Court can exercise is on a report which is expressly to be “ made to the next Court of Common Pleas holden in and for the county in which the justice may have lived.” Such court alone has authority ; the next court. And the word “ next ” relates hack to the time of the report, and forward to the term of the court. Now, it requires no argument to prove that a court holden on the 26th day of a month, is not a court holden next after the 28th day of the same month. Whether the legislature had any good reason for giving to the Courts of Common Pleas, which should begin their session next after the report is made, a power to accept it, is not necessary for this Court to determine; it is sufficient that it is so declared. To decide otherwise would, in my opinion, be to'make a new law, and not to pronounce the meaning of the legislature. In my judgment, however, there was good reason for the provision Shat the report should be made to the next court. I have all the *314 respect for the reports of referees to which, in my estimation, they are entitled; but I cannot deem them infallible. It is possible that referees may be mistaken ; it may even be conceived that they may be corrupt. Those, therefore, who may deem themselves aggrieved by their reports, ought to have sufficient time and opportunity to mature and exhibit their objections; but this will be denied if a court in session at the time the report is made may accept and render judgment on it. And again, if the power, of accepting reports be not limited to the court next after they shall be made, [ *420 ] *but if it be competent to any court to accept them, to which they shall be “made as soon as may be;” then, at any time thereafter, and when those who have objections against them may suppose they are abandoned, the court may, without affording any opportunity to objections, give them validity and effect. The mischiefs of such a construction would, in my opinion, be incalculable. In addition to the reasons which have been given, there are two cases, in the county of Middlesex, one in 1799, and one in 1803, where judgments of the Court of Sessions have been reversed for, as I conceive, the same reason which is given in the case now under consideration. In the cases in Middlesex, the reports of the committees to lay out highways were made to courts holden at the time the service was performed, and when the reports were dated. In the instance of highways, the committee is to “ make return to the next Court of General Sessions to be holden in the same county, after the service is performed.” In that of referees, the report is “ to be made to the next Court of Common Pleas,” &c. (stat. 1786, v. 21, § 3.) Now, it is impossible for me to perceive a difference in the two cases; and that, in the former case, “ next after ” means a point of time future ; but that, in the latter, “ next ” means either the present time, or as soon “ after ” (not next after) as may be. In the case, too, of Brown vs. Compton, the judgment of the court which was pronounced with great reluctance from the hardship on the defendant, went on the same construction of a statute. [Here the judge stated that case at large.] On the whole, I have no doubt that the judgment of the court below must be reversed; and in this opinion it is understood that the Chief Justice, who was present at a former argument, concurs. Judgment reversed.
No costs allowed, the reversal being for error in law. (1)

 Act of July 3,1782, (stat. 1782, c. 11.) By the act of March 11 1784, (slat 1783, c. 42,) they have not jurisdiction unless the damages demanded exceed foul pounds.

 Vide S. P. vol. ii. 167, Nelson vs. Andrews, and vol. v. 524, Southworth vs. Bradford.

Note.—By the stat. 1786, c. 67, § 4. the committee to locate a county road must render their report to the Court of Sessions holden next after the performance of their service, and the proceedings were quashed in a case where the committee finished their service and sealed their returncon the 26th August, and made their return to a court then sitting, and which commenced its term on the 22d of that month —Vol. vi Commonwealth vs. G. Barrington.