By the Court.

The record supports the fact on which the exception is grounded. By the statute of 1786, c. 67, § 4, the locating committee are directed to make their return to the next Court *406 of Sessions to be held in the same county after the said service is performed. As this is a special jurisdiction given to the Sessions by statute, the Court, in exercising it, must pursue the statute ; and the parties in interest opposed to the way are not required by law to attend the Court, after the committee is appointed, until the term next after their service is performed. In the case [ * 493 ] * of Durell vs. Merrill, (1 Mass. Rep. 411,) an exception to the proceedings of the Sessions on this same point came before the Court, and the exception was allowed.
Hulbert and Sedgwick for the commonwealth.
Ives for the respondents.
By the same section of the above-cited statute, it is provided that a party aggrieved at the damages assessed by the locating committee may have an inquiry by a jury, under a warrant from the Court of Sessions, if application be made at the term of said court next holden after the acceptance of the committee’s return. And in the case of The Commonwealth vs. The Justices of the Court of Sessions for Norfolk, (5 Mass. Rep. 435,) where the application for a jury was made to that court at the same term in which the return was accepted, it was holden that the application was made too soon, and that the court c ould not regularly proceed on it. This exception to the proceedings before us must therefore prevail.
The second exception, which was considered by the Court, was, that the owners of the land, over which the way passed,- are not mentioned, nor is it stated in the return that they were unknown.
In the return, the committee assessed damages for certain owners of the land, and they certified that the other individuals, on whose land the road is laid, were not damaged thereby.
By the Court. As any owner of the land on which the way is laid may, if dissatisfied as to the damages assessed by the committee, apply to the Sessions for a jury, which application is in the nature of an appeal from the committee, every owner ought, if practicable, to be named in the return of the committee, that he may regularly be a party to the proceedings. The law, however, will not require an impossibility; and if an owner is unknown, it is sufficient for the committee so to declare in their return. In this case, the committee have not named all the owners, nor have they stated that any of them are unknown. This point was before the Court in the case of The Commonwealth vs. Coombs, (2 Mass. Rep. 489,) and [ * 494 ] it was holden necessary for * the committee to name all the owners of the land, if known. — On these two exceptions the proceedings must be quashed.