Wilde J.
The question is, whether this error is well assigned. In the case of Durell v. Merrill, 1 Mass. R. 411, it was determined by a majority of the Court, that the report of referees on a rule of reference, entered into before a justice of the peace, must be made to the Court of Com *668 mon Pleas holden next after the award >vas made ; and that if the court had commenced its session previously to the making of the award, the report could not be accepted at that term. The authority of this case has been admitted in the case of Mott v. Anthony, 5 Mass. R. 490, and in the case of Noyes v. Noyes, 1 Pick. 269, and must now be consideied as well established. In all these cases, however, it was apparent on the record, that the reports respectively were made and signed after the commencement of the sessions of the court to which they were returned. In the present case this does not appear. If the court began their session after the report of the referees had been completed, it was properly returned, and the court had jurisdiction of the cause. The defendant’s counsel offered to prove that such was the fact, • but as the error is assigned as an error in law, evidence of the fa:t could not be admitted. We may however presume, nothing on the record appearing to the contrary, that the fact appeared to the court below ; and without the aid of any legal presumption, it is sufficient that no error appears on the record, it being uncertain whether there is error or not. The judgment of a court of general jurisdiction is not to be reversed for error in law, unless the error is apparent on the face of the record. It is impossible to say that any error is apparent on this record.
The only objection that can be made to this view of the case, arises from the legal fiction, that there is no division of a day. £< Fictions of law,” says Se-wall J., ££ are allowable and to be favored when they operate to the furtherance of justice ;[1] but when they operate to its hindrance and delay, they are to be applied with great strictness and caution, and in many instances may be wholly avoided by contrary averments. But in the construction of á statute, I cannot for myself imagine that the legislature had in view a fiction of this nature,” (alluding to another but similar fiction,) “ which is scarcely known in the community, excepting to the immediate prac *669 tisers and professors of the law.” 1 Mass. R. 416. This reasoning appears to me so entirely satisfactory, that I am persuaded it would have been decisive of the case of Dwell v. Merrill, had that case depended upon the fiction supposed, namely, that the term of a court is reckoned as one day, denominated from the first day of the term, whatever may be its continuance.. But it is obvious that this fiction, so far from aiding the decision in that case, was in direct opposition to it. The report was made on the 28th of October, 1802, and the session of the court to which it was returned, commenced on the 26th of the same month, two days previous. Now if the fiction had been regarded, the report could not have been returned as alleged. The Court therefore disregarded the fiction, as it is always proper to do, when the manifest justice of the case requires it. Thus, when it is necessary for the purposes of justice, a party may show the time when judgment was actually entered ; as in case of an attachment of property, the question being as to the continuance of the creditor’s lien thereby. So if the time when an attachment was made becomes material, it may be shown, and the fiction, as to there being no division of a day, will be disregarded. If then the plaintiff had assigned as an error in fact, that the report of the referees was not completed until after the commencement of the term of the court to which it was returned, as he might have done probably, it not being inconsistent with the record, the defendant might have traversed the fact, and on the trial of the issue evidence of the fact would be admissible.’ But however that may be, it is clear, that as the error is now assigned, we can receive no evidence of the fact as to the time when the report of the referees was made ; and as it does not appear, whether the report was made before or after the first opening of the court to which it was returned, we cannot say that there is any error apparent on the record. The judgment therefore must be affirmed, with costs to the defendant.

 3 Bl. Comm. 43 ; Butler anti Baker's case, 3 Co. 30. See per Lord Mansfield, 3 Burr. 1434 ; Field v. Jones, 9 East, 154 ; Saddler v. Leigh, 4 Campb 197; Houlbrook v. Desanges, 2 Barn. & Ald. 586.

 See Standish v. Parker, ante, 22, n. (3).