### IN THE

## SUPERIOR COURT OF JUDICATURE.

### FOR

## THE COUNTY OF ROCKINGHAM, FEBRUARY TERM,

### A. D. 1827.

---

### LOWELL ATWOOD and WIFE *versus* LEVI YORK.

Where parties having a controversy of less value than two hundred dollars entered into an agreement under their hands to submit the same to referees, but did not acknowledge the agreement before the justice of the peace to whom the report was agreed to be returned—a report of the referees made in pursuance of the agreement was held not to be a legal foundation for a judgment rendered by the justice.

And whenever a report is made returnable to a justice of the peace, the rule of submission must name a day certain when the report shall be returnable ; and the report must be returned accordingly ; otherwise the judgment will be erroneous.

THIS was a writ of error brought to reverse a judgment of a justice of the peace rendered upon a report of referees under a rule made before the said justice.

The rule was as follows :

State of New Hampshire.　Town of Poplin, in the county of Rockingham, January 6, 1826.

Know all men that Lowell Atwood and Ruth W. Atwood, &c. and Levi York, &c. have agreed to submit the demand, &c. which is hereunto annexed to the determination of J. S., N. K., and W. L., the report of whom or the major part of whom, being made as soon as may be to John Brown, Esq. &c. judgment thereon to be final, and if either of the parties, &c.

> L. Y. & seal.
> L. A. & seal.
> R. W. A. & seal.

The demand annexed to the agreement to submit was $1000, for slander published by York against Atwood's wife. The agreement to refer was never acknowledged by the parties before the justice to whom the report was made returnable.

The referees heard the parties on the 13th January, 1826, and made a report that Atwood and wife should pay to York $32,38 for costs of suit, and the report being on the same day returned to John Brown, Esq. he rendered judgment upon it immediately.

*French*, for the plaintiffs in error.

*S. D. Bell*, for the defendant.

RICHARDSON, C. J.　When parties have a controversy of two hundred dollars value, or under, which they are desirous to settle by a reference, they may apply to a justice of the peace and enter into a rule for the purpose, and the justice is authorized to receive the report of the referees and to enter judgment accordingly. The rule is a written agreement signed by the parties and by them acknowledged before the justice. By the acknowledgment the agreement becomes a record before the justice and the proper foundation of a judgment rendered upon any report made in pursuance of the submission.

As the referees may mistake the law, in cases where they intend to be governed in their decision by it, or may

proceed to a hearing without having given to the parties due notice of the time and place, or be guilty of corruption or other misconduct, which would constitute a legal objection to their award, natural justice requires that the parties should have an opportunity to be heard in every case, before any judgment is rendered upon the report. A day is therefore to be fixed in the agreement to refer when the report shall be returned to the justice, and then by the agreement the parties have a day before the justice to be heard. 1 Mass. Rep. 411, *Durell* v. *Merrill*; 5 Mass. Rep. 139; 14 ditto, 148; 2 Pick. 625.

In the record now before us it does not appear that the agreement to refer was ever made a rule before the justice, or that he had any evidence that Atwood and wife assented to the submission other than the agreement which purported to be signed by them. It does not appear that the justice had any knowledge of the proceedings, until the report, and the agreement to refer, were brought to him, and that may have been done by York without the knowledge of Atwood and wife.

In *Eastman* v. *Burleigh*, 2 N. H. Rep. 484, we held, that a rule entered into before a justice by an agent was not a legal foundation for a judgment unless the authority of the agent to enter into the rule appeared. And we are of opinion that in this case there is no record of a rule that could support a judgment.

We also think that the judgment is erroneous in another respect. The parties had no day before the justice to be heard, nor does it appear that the party against whom the judgment was rendered, had any notice of the time when it was rendered.

*Judgment reversed.*