## Amos Skeels *vs.* John Chickering.

The *St.* of 1840, *c.* 87, § 5, authorizes an appeal from an order or judgment of the court of common pleas upon an award made under the Rev. Sts. *c.* 114, when such order or judgment is founded upon matter of law apparent on the record.

Under the Rev. Sts. *c.* 114, § 10, an award of arbitrators may be returned to the court of common pleas at a term which commenced before the award was made.

An award which directs one party to pay to the other a certain sum, within a certain time after the date of the award, with interest till paid, is sufficiently certain.

THE parties in this case, on the 21st of February 1843, entered into an agreement, in the manner prescribed by the Rev. Sts. *c.* 114, § 2, to refer certain specified demands, respectively made the one against the other, to the determination of three arbitrators named. The arbitrators returned to the court of common pleas, at the last March term, (which commenced on the 20th day of March last,) their award, dated March 21st 1843, which was, " that the said John Chickering pay the said Amos Skeels — in full for all claims of the several charges and items expressed in said accounts, and a certain note of hand held by said Skeels, signed by said Chickering as agent, dated January 1st 1832, for one hundred dollars — the sum of three hundred

and fifty dollars; the said amount to be paid within ninety days of the date of this award, with interest until paid. Charge of referees, ten dollars, to be paid equally by the respective parties." The case was continued in the court of common pleas till September term 1843, when the award was accepted, and judgment was rendered pursuant thereto, "that the said Skeels recover against the said Chickering three hundred and sixty one dollars and two cents, damage, and costs of suit taxed at $15·07." From this judgment the defendant appealed to this court.

*N. J. Lord,* for the defendant.

*Hills,* for the plaintiff.

SHAW, C. J. 1. The first point is, whether this case is rightly brought before the court by appeal. It was a decision of the court of common pleas, accepting an award of arbitrators, made in pursuance of a justice's rule; and the ground of exception is, that the award is void for irregularity and uncertainty.

There is some apparent discrepancy between two different provisions of the revised statutes upon this question of the right of appeal from the judgment of the court of common pleas, on an award of arbitrators, upon a rule under the Rev. Sts. *c.* 114. It is provided, by § 13 of that chapter, that no appeal shall be allowed in such case. But by Rev. Sts. *c.* 82, § 6, it is provided that any person aggrieved by any judgment of the court of common pleas in any civil action, suit or proceeding, when the decision is founded on matter of law apparent on the record, may appeal, &c. When the objection to an award is, that it is uncertain, or not within the submission, the question is one of law, apparent on the record. Which of these provisions should give the governing rule in the case; whether the larger provision in the section last cited should be regarded as superseding the other; or whether the specific provision, first cited, should be construed as an exception to the more general one in the last; it is not now necessary to decide. We are of opinion that the jurisdiction act, *St.* 1840, *c.* 87, § 5, settles the question. It provides that "any party aggrieved by any judgment of the court of common pleas, founded upon matter of law apparent on the record, except judgment upon pleas in abatement, may appeal." This pro-

vision is broad enough to include the present case. This act in terms repeals all parts of acts inconsistent with its provisions; and therefore this case properly comes up by appeal. See *Eaton* v. *Hall*, 5 Met. 288. [*Post* 488.]

2. It was objected that the award was not made at the right time, it being after the commencement of the term. This undoubtedly would have been a valid objection under *St.* 1786, *c.* 21, and it has been often so ruled. *Durell* v. *Merrill*, 1 Mass. 411. *Noyes* v. *Noyes*, 1 Pick. 269. But the law in this respect is altered by the Rev. Sts. *c.* 114, § 10, which provide that the award may be returned at any term or session of the court; and, to prevent surprise to parties, the court is authorized, when it shall appear to them necessary or proper, to require actual notice to be given, before acting on the award.

3. We can perceive no objection to the award on the ground of uncertainty. It was objected that, instead of a fixed sum, it directed the payment of a certain sum at a certain time, with interest. Here is no uncertainty. The law fixes the rate of interest. When therefore the sum is fixed, and the time of payment, the computation of interest being to be made by a fixed rule, the result is as certain as if the computation had been made and the result stated by the arbitrators in dollars and cents. The ninety days having elapsed before the final judgment was entered, the computation was in fact made, and the judgment entered for a precise sum.

*Judgment affirmed, with costs.*