## JUDSON *vs.* THE CITY OF BRIDGEPORT.

It being provided by the charter of the city of Bridgeport, that the damages caused by the laying out of streets by the common council, shall be assessed by three disinterested freeholders of the city, to be appointed by the mayor, whose certificate of such appointment shall be recorded in the city records; it is necessary to the validity of such an assessment that it should appear, by the record of such appointment, that the committee making the assessment were disinterested freeholders of the city.

And the invalidity of such assessment of damages renders invalid an assessment of benefits, authorized by the charter for the payment of such damages.

THIS was an action of general assumpsit, brought to recover of the city of Bridgeport a sum of money received by the city from a sale of the plaintiff's property, under a warrant of the mayor, for the collection of an assessment of benefits in widening a street, tried on an issue closed to the court at the term of the superior court for the county of Fairfield, holden in March, 1856.

The defendants pleaded the general issue, with notice that they should offer proof of the proceedings of the common council of the city in widening said street, and assessing damages and benefits therefor, of the warrant of the mayor, and of the proceedings under the same for the collection of the sum assessed against the plaintiff, all which were claimed to be according to law.

Sundry questions were made on the trial with regard to the regularity of these proceedings, none of which are important in the view of the case taken by this court, except that with regard to the committee appointed to assess the damages caused by the widening of the street.

The 38th section of the charter of the city provides that whenever the court of common council shall lay out or alter any street, (which by a previous section it is empowered to do, and by a later section, to assess the benefits, for the purpose of paying the damages caused thereby,) and can not agree with the parties injured by such laying out or alteration, as to the damages sustained by them, " such damages shall

be estimated by three judicious disinterested freeholders of said city, who shall be appointed and sworn by the mayor, or in his absence by the senior alderman of said city, and a certificate thereof shall be made and recorded in the records of said city; and it shall be the duty of said freeholders to make a return of their doings to the clerk of said city, who shall record the same."

The record of the appointment of said committee was as follows:

"FAIRFIELD Co., *ss.* City of Bridgeport, April 25, 1848.

"To Russell Tomlinson, Ira Sherman, and Samuel B. Ferguson:—You are hereby appointed appraisers to estimate the damages to the several proprietors owning land in said city, in consequence of the altering, widening and laying out Middle street, laid out by the committee of the court of common council on the 15th day of April, 1848, and accepted by said court, April 18th, 1848, with the survey and the particular description of the same, and perform all the duties required of you by the statute in such cases made and provided. Given under my hand in said city, on the 25th day of April, 1848. SHERWOOD STERLING, Mayor.

"Personally appeared, the above-named appraisers, and were sworn by me on the 25th day of April, 1848.

SHERWOOD STERLING, Mayor."

The return of the committee was as follows:

"The committee appointed to estimate the damages to property owned by different individuals, caused by the widening of Middle street, on the 15th day of April, 1848, do report as follows, viz.: The committee have attended to the duties of their appointment, and the following are the only persons damaged by the widening of said street, viz.:

| | |
|---|---|
| "Charles T. Nichols, three hundred dollars, | $300.00 |
| "Alexander Hamilton, five dollars, | 5.00 |
| "Bridgeport, June 8th, 1848. | $305.00 |

RUSSELL TOMLINSON, } Committee."
IRA SHERMAN, }

The plaintiff claimed that the assessment of damages was illegal, because it did not appear on the face of the proceed-

ings that the committee were disinterested freeholders of the
city.   They were such in fact, and the damages assessed
had been paid by the city.

Previously to the appointment of the committee in ques-
tion, a committee had reported to the common council that
they had not agreed with the proprietors whose lands were
taken in widening the street, as to the damages sustained by
them.   Neither of the persons in whose favor damages were
assessed, had ever claimed that the proceedings of the com-
mon council in the widening of the street were in any respect
illegal.

The court made a special finding of the facts, and reserved
the case for the advice of this court.

*Hawley* and *Beardsley,* for the plaintiff, contended that
the defendants, to justify themselves, must show that they
have complied with every requirement of the city charter;
that the charter requires that the committee,. to assess dam-
ages in a case like the present, must be disinterested free-
holders of the city; that this fact does not appear from the
record, and can not be supplied by parol evidence; and that
there being no legal assessment of damages, there can be no
assessment of benefits to pay such damages; citing *Nichols*
v. *Bridgeport,* 23 Conn., 189, and cases there referred to.
*Mitchell* v. *Kirtland,* 7 Conn., 229.   *Booth* v. *Booth,* 7 Conn.,
350.

*Dutton* and *Loomis,* for the defendants, contended, 1. That
the damages were properly assessed, the appraisers being in
fact indifferent freeholders of the city, and that parol evidence
was admissible to prove that fact.   2. That the damages in
the circumstances might be regarded as agreed upon between
the city and the persons injured.   3. That the damages were
assessed " by a regular finding of a competent board." *Nich-
ols* v. *Bridgeport,* 23 Conn., 189, and remarks of Hinman, J.,
p. 211.   Charter of city of Bridgeport, sec. 38.   4. That the
assessment of benefits was in accordance with the charter,
and can not be attacked collaterally.   Sec. 41.

HINMAN, J. Several questions have been made in this case, but we shall notice only one of them, as that is of a character which is decisive of it, and must, we think, under the facts found by the court, preclude the defendants from successfully making any defense to the plaintiff's action.

The plaintiff's property has been levied upon and sold, under a warrant issued by the mayor of Bridgeport, for the purpose of collecting an assessment of benefits received by the plaintiff, in the laying out and widening of one of the streets of the city, and in order to raise the money to pay for the damages assessed to certain individuals, by reason of said alteration and improvement of the street.

Now, in the case of *Nichols* v. *The City of Bridgeport*, 23 Conn., 189, we held that the record of the proceedings under which property is attempted to be taken for such a purpose, must show the legal right of the city authorities thus to take it; and that before damages can be required to be paid by the persons benefited by the improvement, they must, under the city charter, be assessed by "three judicious and disinterested freeholders of the city," unless the court of common council agree with the parties injured as to such damages. In this case the court of common council did not agree with the persons injured, and it does not appear, by the appointment of the appraisers to estimate the damages, that the persons appointed were either freeholders or inhabitants of the city. In the case of *Nichols* v. *Bridgeport*, a similar difficulty was obviated by the fact that large benefits were regularly assessed to the party claiming to be injured, on account of the same improvement by which he claimed to be injured; the court holding, under the circumstances of that case, that the assessment of benefits meant only the benefit which he received, over and above any damage to him by reason of the same improvement. On which ground it was held to be immaterial whether any damages, as such, were in fact assessed in that case or not. Here, however, the assessment of benefits to the plaintiff was made for the purpose of raising the money to pay the damages assessed to other persons. There can be no pretense, therefore, that

these damages have, in effect, been assessed by the assessment of benefits received by the plaintiff, because the parties for whom the money was raised, were not parties, in any sense, to the proceedings under which the benefits were assessed. Nor is there any room to presume that the damages were legally assessed, even if such a presumption could arise in the absence of any facts to show how they were assessed, because it appears here, upon the face of the proceedings, that they were not assessed by indifferent freeholders as required by the charter. The right to assess benefits received by the plaintiff, of course depends upon whether there are damages to be paid for the improvement, as well as upon whether the plaintiff was benefited thereby ; and it can not be known that there are any such damages until they are agreed to, or assessed in the mode prescribed by the charter. As this has not been done in this instance, the assessment against the plaintiff was premature and of course illegal, and the money collected of him under it must be repaid to him.

We therefore advise the superior court to render judgment for the plaintiff.


In this opinion the other judges, STORRS and ELLSWORTH, concurred.

                    Judgment for plaintiff advised.