ROBERT PETTIS *vs.* THE CITY OF PROVIDENCE.
WALTER FREEMAN *vs.* SAME.

A statute regulating the procedure in opening, &c., highways in the city of Providence, directs the appointment of commissioners to estimate and assess "the amount of the loss and damage, if any, over and above the benefit and advantage, and of the benefit and advantage, if any, over and above the loss and damage," "to the respective owners, lessees, parties, and persons respectively entitled unto or interested in the lands, tenements, hereditaments, and premises" required for the improvement proposed, and to report in either case the excess only to the Supreme Court; and whenever the benefit and advantage and loss and damage are equal, to report that such is the fact; and to set forth in their report "the names of the respective owners, lessees, parties, and persons interested in any of the lands, tenements, hereditaments, and premises aforesaid, and an apt and sufficient designation or description of the respective lots or parcels of lands and

tenements, hereditaments, and premises aforesaid, with the loss and damage, benefit and advantage, to each as aforesaid."

The interest of a lessee in land taken under this statute being quite neglected by the commissioners, he applied, after confirmation of the commissioners' report, for a jury trial to fix his damages: —

*Held,* that, the statute provisions not being strictly complied with, the city of Providence was, as regards the petitioner, a mere trespasser, and that the application for a jury trial must be refused.

STATUTORY proceedings relative to opening highways.

Petitions for jury trials to determine the amount of damages due to the petitioners.

*July* 1, 1876. DURFEE, C. J. These are petitions for jury trials upon claims for damages in the matter of the widening of Dyer Street, in the city of Providence. The proceeding for widening Dyer Street was had under the " Act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence," passed January, 1854,[1] and the acts in amendment thereof. The report of the commissioners of estimate and assessment was made to this court, August 1, 1873. It makes no mention of any land or of any interest in any land belonging to the petitioners, and of course contains no award of any damages in their favor. The petition of Robert Pettis, however, sets forth that the petitioner was interested in a portion of the land required for the improvement, as lessee from year to year, and as the owner of a building standing thereon, in which he carried on a lucrative traffic in oysters. The petition further sets forth that the petitioner appeared before the commissioners and represented to them the extent of his interest and of the damages which he would sustain by the proposed widening, fully intending, if no sufficient award of damages was made to him, to claim a jury trial thereon ; that he was advised by counsel that he would be served with a notice of the filing of the report, and would have thirty days to file a notice of his intention to claim a jury trial ; and that, if thereafter it was decided to make the widening, he would be further served with a citation returnable at a certain day within which he must file his claim for a jury trial ; but that no such notice or citation was ever served upon him, so that he did not claim his jury trial within the proper time, and has, in consequence thereof, been deprived of his prop-

---

[1] Printed in 4 R. I. p. 230 *et seq.*

erty without compensation. He prays, on account of the accident and mistake above recited, that he may now have leave to file his claim for a jury trial, and may have a jury trial to determine the amount of the damages which he has sustained.

We do not think the petition should be granted. When private property is taken for public use against the will of the owner, a strict compliance must be had with all the provisions of law which are made for his protection and benefit, or the proceeding will be ineffectual. Cooley's Const. Limit. *528. The act under which Dyer Street was widened prescribes a course of proceeding which, as regards the petitioner, was not pursued. The act directs the commissioners to estimate and assess " the amount of the loss and damage, if any, over and above the benefit and advantage, and of the benefit and advantage, if any, over and above the loss and damage," " to the respective owners, lessees, parties and persons respectively entitled unto or interested in the lands, tenements, hereditaments, and premises " required for the improvement proposed, and to report in either case the excess only to the Supreme Court ; and whenever the benefit and advantage and loss and damage are equal, to report that such is the fact ; and to set forth in their report " the names of the respective owners, lessees, parties, and persons interested in any of the lands, tenements, hereditaments, and premises aforesaid, and an apt and sufficient designation or description of the respective lots or parcels of lands and tenements, hereditaments, and premises aforesaid, with the loss and damage, benefit and advantage, to each as aforesaid." The commissioners, in the case of the petitioner, have not regarded these directions. Nothing in the report shows that they recognized the petitioner as having any interest in any portion of the land which has been taken for the improvement of Dyer Street. The report does not mention his name as an owner, lessee, or person interested in the land taken. In consequence of this omission neither of the two notices prescribed by the act was given or issued to him. His property, therefore, though it has been taken from him, cannot be regarded as having been duly taken or condemned under the act, and, consequently, it would be premature to empanel a jury under the act to determine the damages. The city of Providence, in dispossessing him of his property, inasmuch as it did

not proceed in pursuance of the act, must be regarded as a wrong-doer, and we see nothing to prevent the petitioner from suing it as a trespasser. *Stanford* v. *Worn*, 27 Cal. 171; *Judson* v. *City of Bridgeport*, 25 Conn. 426.

In *Inhabitants of N. Reading & Eaton* v. *County Commissioners*, 7 Gray, 109, under a Massachusetts statute, it was held that an omission to make any return of damages for land included within the location of a highway was equivalent to a decision that no damages were sustained, and that the land-owner would have the right to demand a jury to assess his damages as much. as if his name had appeared in the report as one to whom no damages were allowed. Eaton, so far as appears, was sole owner, there being no double ownership of landlord and tenant as in the case at bar. The decision was in conflict with previous decisions; *Commonwealth* v. *Coombs*, 2 Mass. 489; *Commonwealth* v. *Inhabitants of Great Barrington*, 6 Mass. 492; and was made upon a statute which was much less explicit in its directions than the act under which Dyer Street was widened. That act expressly required the commissioners to report that the loss and benefit are equal when they find that such is the fact. In the face of these directions a judgment that the loss and benefit were equal, and that therefore no damages were sustained, is not to be implied, but should appear affirmatively in the report. Cooley's Const. Limit. *528.

The petition of Walter Freeman sets forth a case which is very similar to the case set forth in the petition of Robert Pettis, and is, for the same reasons, denied.

*Petitions dismissed with costs.*

*Thurston, Ripley & Co.*, for petitioners.

*Nicholas Van Slyck*, City Solicitor, for City of Providence.