## TAXATION.

[Hamilton Circuit Court, December, 1895.]

† BRITT v. JOHN HAGERTY, AUDITOR, ET AL.

SERVICE OF NOTICE OF ADDITIONS TO VALUATION TO PROPERTY.

> The board of review of Hamilton county is not authorized to make additions to the value of property until the owner has been served with notice of their intention so to do. But before an agent can be served under section 2804*b*, Revised Statutes, it must be shown that the person interested in the property could not be served personally by a copy of the notice, or that such copy of a notice could not be left at his place of residence or business, or no such place of residence or business could be found in the county. And before notice by advertisement would be good, it must be shown that the party had an agent in the county, and serving him with copy was impossible, or that no such agent could be found.

APPEAL from superior court of Cincinnati.

Cox, J.

On the 31st of December, 1892, Mary A. Britt filed a petition in the superior court of Cincinnati, against the auditor and treasurer of Hamil-

† Affirmed by Supreme Court, on grounds of this opinion; unreported, 56 O. S., 790

ton county, reciting that during the year 1892, she was a resident of Cincinnati, Hamilton county, Ohio, at 138 West Eighth street, and that she is the owner of several pieces of property described in said petition. She says the board of review in said city, acting as an annual board of equalization for the year 1892, on the 12th of September, 1892, ordered an addition to be made to each of said lots, on account, as alleged, of gross inequality of the tax valuation, and that said addition was so made in each instance as to each of said pieces of property without her knowledge, and without any notice to her of any kind of any intention to make such or any addition to her said property.

She says that the county auditor has assessed taxes on said additions, as made by said board, one-half payable on or before December 20, 1892. The auditor has placed taxes on said additions to his duplicate, and intends placing in the hands of the treasurer for collection, and the treasurer will refuse to receive any of the taxes unless all taxes on said addition are paid. She is ready and willing to pay the taxes charged on said property before said additions were made. She asks that the officers be enjoined from collecting any of the taxes upon said additions. A restraining order was issued by a judge of the superior court. Supplemental petitions were filed, asking the court to enjoin the collection of taxes on said additions for the following years, and restraining orders were granted by the court. And defendant's answer admits that plaintiff was a resident of Cincinnati, and was the owner of the real estate mentioned in the petition, and that the board of review made the additions to the property, as alleged in the petition; admits that the duplicates are in the hands of the treasurer and that he will demand payment as therein charged, and deny generally the other allegations in the petition. Plaintiff's petition was dismissed, from which she appealed to this court. The question raised by the pleading and argued by the counsel, was whether the plaintiff had been served with notice, such as required by sections 2804 and by 2804$a$ and section 2804$b$, as passed March 31, 1892, volume 89, Ohio Laws, pages 174 and 175. By section 2804, the board of review is not authorized to make additions to the value of property until the owner has been served with notice of their intention to do so. By section 2804$a$ the notice shall describe the real estate whose tax value shall be acted upon by the description in the tax duplicate of the current year, and the name in which it is taxed, and that the tax value will be acted upon by the board on the tenth day after said notice shall have been served as provided in section 2804$b$, which requires that notice shall be served, (1) by delivering a copy thereof to the person interested in said real estate, or by leaving such copy at the usual place of residence or business of such person, or if no such place of residence or of business shall be found in the county, (2) by delivering such copy to the agent in charge of such real estate and collecting the rents thereof, or if no such agent shall be found in the county, (3) by advertisement thereof inserted one time in a newspaper of general circulation in the county, in which said real estate is situated, and notices to the respective persons interested in different pieces of real estate may be united in one advertisement under the same general heading. Notice served in accordance with any of the above provisions shall be sufficient.

It is not claimed that the plaintiff was served with notice, by delivering a copy to her, or by leaving a copy at the usual residence or

place of business, or by delivering a copy to the agent in charge of such real estate and collecting the rents; but it is claimed that a service made by order of the board August 30, 1892, and published in the *Enquirer* and *Volksblatt* August 31, 1892, notifying her that additions would be made upon September 10, 1892, was a sufficient service, and that additions made on the 12th of September, 1892, were legally made.

The testimony shows that the plaintiff had resided at 138 West Eighth street, for the past fifteen years, and lives there yet. It was her custom to spend the heated term away from the city; that she left on July 7, 1892, and returned on August 31, 1892; that her house was closed, but there was a front storm door on Eighth street, with a crevice at the bottom sufficiently wide to admit newspapers, that no person had access to the vestibule until her return except herself, that she then found newspapers and advertisements slipped under the door, but no notice from the board of review, or any paper in which her notice was published; that she attended the collection of her rents herself generally, and did so on the first of July, before going away, all of said property, except her residence, being occupied by tenants. Mr. Howard Douglass received her rents when she was out of the city, but at this time Mr. Douglass was in Europe. That she never heard of the intention of the board to make any addition to the valuation of her property, nor of their having done so until she went to pay her taxes in December, a short time before filing this petition.

A number of notices were issued, all dated in August, directed to Mary A. Britt, and service was attempted by several different agents, on one, 1196, the return is, "Residence 138 Eighth street, out of town, back by September 1st;" and then on the same envelope "Agent, Howard Douglass, out of town, back by September 5th;" and then "Out of town, delivered," no name of persons making the return. In another, 1033, indorsed "out of town, back September 1st; Agent Howard Douglass gone to Europe, owner out of town." On another one, 1597, "Can't find Dafison." Who made this return, or who Dafison is don't appear anywhere. On another, "Leave at 138 W. Eighth street, near Elm, September 1, signed Anderson;" and on another was the direction, "Leave at 138 W. Eighth street, near Elm, signed Anderson." "House closed, can't deliver, signed Oakes."

It was in evidence by a gentleman, a clerk of Mr. Howard Douglass, that some person came with a notice for Mrs. Britt, to serve Mr. Douglass, as her agent, but the clerk informed him that Mr. Douglass was in Europe, and that he, the clerk, was not her agent and had no authority to accept the notice. Under this state of fact was the notice published by the board of review, such a notice as the law requires? We think not. Section 2804$b$ is peculiar in this, that it provides for three different modes of service, and they are stated in *numerical* order with figure in brackets (1), (2), (3), and they are to be served in that way in the alternative (1) personal service, or leaving a copy at the usual place of residence or business of such person, and if no such place of residence or business be found in the county, then service may be (2) made on an agent in charge of the real estate and collecting the rents, if he shall be found in the county; (3) if no such agent be found, an advertisement shall be made in a newspaper of general circulation in the county.

Notice served in accordance with any of the above provisions shall be sufficient, but before an agent can be served, it must be shown that

the person interested in the property could not be served personally by a copy of the notice, or that such copy of a *notice could not be left at his place of residence or business*, or no such place of residence or business could be found in the county. And before notice by advertisement would be good, it must be shown that the party had an agent in the county, and serving him with copy was impossible, or that no such agent could be found.

Now, in this case, no copies were attempted to be served. They were all originals, and all returned to the office, with the information that the plaintiff resided at 138 W. Eighth street, and would return the first of September, and there is no evidence whatever that any person left an original or copy of the notice at the well known residence of the plaintiff, although from the structure of the front door it was an easy matter to have pushed it under where she could have obtained it when she returned home, as the testimony shows she did on Wednesday, August 31, 1892.

Plaintiff has cited us numerous authorities which sustain our view of this law. In 46 Vermont Reports, page 477, it was said that where three methods of service were provided, the latter depending upon the inability to serve by either of the first two methods, no service of the third method is warranted unless service is impossible by the first two methods. 114 Howard U. S., 345; 45 Federal Reports, 515; 97 United States, 444; 1 New Mexico, 575–8.

The statutory requirement for services must be *strictly* pursued. 86 Penn. State, 215, 217, 218; 46 Vermont, 474–476; 23 West Va., 203; 54 Illinois, 246–248; 30 Ohio St. Rep., 344; 41 Ohio St. Rep., 285; 31 Ohio St. Rep., 346.

The decree will, therefore, be that the treasurer be perpetually enjoined from collecting the taxes assessed on the addition of the board of review, and that the auditor be directed to omit said addition from future duplicates.

*W. M. Ampt* and *Howard Douglass*, for Plaintiff.

*Wm. Rendigs, Assistant County Solicitor*, for Defendant.