# CHARLESTON

## STATE v. HICKS et al.

Submitted February 2, 1915.   Decided March 9, 1915.

1. PUBLIC LANDS—*Sale of Forfeited Lands—Proceedings—Claimant's Petition—Parties—Process.*

    A claimant, not made a party to the State's bill in a school commissioner's proceeding to sell forfeited land, who files his petition therein, as provided by Sec. 6, Ch. 105, Code 1913, is not required to make other claimants parties to his petition. Such petition may be filed in court, at rules, or before the commissioner to whom the cause is referred, and no process need issue thereon. (p. 769).

2. SAME—*Proceeding to Sell Forfeited Land—Decree—Binding Effect.*

    A defendant, named in the bill in such proceeding, who is duly served with process and fails to appear, is bound by the final decree therein, and can not have it set aside at a subsequent term, except for such errors, apparent upon the record, as would justify reversal upon appeal. (p. 769).

3. SAME—*Proceeding to Sell—Forfeited Land—Scope of Jurisdiction—Cross-Pleadings.*

    Forfeiture of some claimant's title to land, whether a good or bad title when the forfeiture occurred, confers jurisdiction to entertain a suit by the commissioner of school lands, and authorizes the court to decide all questions between conflicting claimants, relative to the forfeited land, without cross pleadings between them. (p. 770).

Appeal from Circuit Court, McDowell County.

Bill by the State against J. W. Hicks and others.   From the decree, Louisa Day appeals.

*Affirmed.*

*M. O. Litz*, for appellant.

*A. W. Reynolds, Joseph S. Clark* and *Anderson, Strother & Hughes*, for the State.

WILLIAMS, JUDGE:

Appellant, Louisa Day, was made a party defendant to the State's bill in this school commissioner's proceeding to sell forfeited lands and was served with process, but made no appearance either in court or before the commissioner, to

whom the cause had been referred in due course of procedure. The commissioner filed his report on the 8th of July, 1910, finding that a certain tract of 100 acres, alleged in the bill to be forfeited in the name of Mary Johnson and Barney Johnson, for non-entry on the land books of McDowell county, from 1888 to 1905, inclusive, was in fact forfeited, but that, as to certain parts thereof included within the bounds of two larger tracts, known as the Landsburg 50,000 acre tract and the Crozer tract of 4115 acres, owned by the Pocahontas Coal & Coke Company, the forfeiture enured to its benefit; and that the balance of the tract be sold for the benefit of the school fund. The Pocahontas Coal & Coke Company was not made a party to the bill, but came into the case by petition, setting up its claim to the land and praying to be made a party defendant, as it had a right to do under section 6, chapter 105, Code 1913.

The court heard the cause on the commissioner's report, on the 8th of July, 1910, and decreed that the Pocahontas Coal & Coke Company was in position, by virtue of Sec. 3, Art. 13, of the Constitution, to claim the benefit of the forfeiture as to so much of the 100 acre tract as lay within the boundaries of its two tracts above named, and set forth, in the decree, by metes and bounds, the portions of the tract that were so included, and held ''that neither the state nor those claiming title to the said 100 acres under the said patent therefore have any interest in those portions,'' and dismissed the suit as to those parts of the forfeited tract. It not appearing that all the tract was thus included, the court dismissed the suit as to the remainder of it, if any, without prejudice to the parties.

Having given due notice, appellant appeared on the 28th of September, 1910, at a subsequent term, and moved the court to set aside and annul the aforesaid decree, in so far as it undertook to adjudicate title in the Pocahontas Coal & Coke Company to any part of the 100 acre tract, and so far as it purported to adjudge that appellant's title had been forfeited to the state and transferred, by virtue of Art. 13, Sec. 3 of the Constitution, to the Pocahontas Coal & Coke Company. The court took time to consider the motion, and on the 11th

day of March, 1912, overruled it. From that decree and the decree of July 8, 1910, Louisa Day has appealed.

Her counsel insists that it was error to decree against her upon the petition and answer of the Pocahontas Coal & Coke Company, because she was not made a party defendant thereto and served with process thereon. But that was not necessary. Chapter 105 of the Code, prescribing the method of procedure for the sale of the state's land, does not contemplate cross pleadings between conflicting claimants, and makes no provision for the joinder of issues between co-defendants to the state's bill. Section 7 says such suit shall be proceeded in as other suits in chancery, ''except as herein otherwise provided.'' One exception, clearly shown by the general plan of the statute, is, that the issues are made between the state and each claimant upon the bill and the several answers, and not upon cross pleadings between the claimants. No such pleadings are provided for or even contemplated. Section 6 provides that a claimant of the land, or of any interest therein, who has not been made a defendant, may file his petition, either in court, at rules, or before the commissioner to whom the cause is referred, and thereafter constitutes him a defendant and clothes him with the right to protect and defend his interest, if any he has, to the same extent as if he had been originally made a defendant. There may be, and generally are, several claimants of the land under conflicting titles, but, in the very nature of the case, there can be but one valid title, and the court must decide the question, as to who is the owner of it, upon the issues made on the several answers to the state's bill. All questions relative to the forfeited title and the right of redemption, are thus presented.

By ascertaining that the Pocahontas Coal & Coke Company took the benefit of the forfeited title, the court decided the issue of title, not only against the state as to that part of the forfeited tract within the boundaries of said company's land, but it also, necessarily, decided it against every other claimant thereof who was a party to the cause. Such decree is final and binding upon the state and all other parties, unless and until reversed. The court was bound to ascertain who, if any one, was in a position to claim the benefit of the forfeited

title, and if none such, then to ascertain who, if any one, had right to redeem, in order to determine what disposition to make of the state's suit. Having ascertained that the Pocahontas Coal & Coke Company was entitled to the benefit of the forfeiture, there was nothing for the court to do but to dismiss the state's bill as to so much of the tract as said company had title to. That proceeding was in strict accord with Sec. 6, Ch. 105, Code.

It is urged that the dismissal of the state's bill carried with it the petition of the Pocahontas Coal & Coke Company, and is equivalent to a dismissal of the whole proceeding for want of jurisdiction. This does not follow. The bill was not dismissed for want of jurisdiction, but because the dismissal was a proper decree upon the merits. The court had ascertained that, although the title was forfeited, the state did not have it, because it had been transferred from the state, by virtue of the constitutional provision, to the Pocahontas Coal & Coke Company. The state simply failed to make out a case entitling it to sell the land for the benefit of the school fund. There is no pretense that appellant's title to the 100 acre tract was not actually forfeited; and the forfeiture, whether of a good or a bad title when forfeited, confers jurisdiction and power in the court to determine the rights of the respective claimants. It is not essential that the title should be in the state, to warrant a proceeding by the commissioner of school lands. It is only necessary that there be a forfeiture, and when such is the case, the court is authorized to determine all questions relative to the forfeited title.

There is no error in the record for which this court could reverse the decree of July 8, 1910. Hence, the circuit court properly overruled appellant's motion to vacate it and reopen the cause. The decree is affirmed.

*Affirmed.*