# CHARLESTON.

THE CITY OF HUNTINGTON v. THE FREDERICK HOLDING CO.
et als.

Submitted November 25, 1919.    Decided December 5, 1919.

1.  EMINENT DOMAIN—*Sufficiency of Allegations—Public Use and Necessity.*

    A petition filed by a municipal corporation to condemn land for street purposes, which alleges that the lands proposed to be taken are to be used for the purpose of widening a certain street, and that when so widened said street will be used as a public street, and that the said lands so proposed to be condemned are necessary for that purpose, sufficiently alleges the public character of the use to which it is proposed to appropriate the land, and the necessity therefor.    (p. 242).

2.  SAME—*Plea Sufficient to Put in Issue the Purpose of Public Authorities.*

    In such a proceeding a plea which denies that the applicant intends to appropriate the land proposed to be taken to the widening of the street, as alleged in the petition, sufficiently puts in issue the purpose of the public authorities in this regard, and is properly allowed to be filed.    (p. 242).

3.  MUNICIPAL CORPORATIONS—*Review of Determination of Necessity of Widening Streets.*

    The necessity for widening a city street is a matter committed to the local authorities of the municipality, and the decision of this question by such authorities will not be interfered with by the courts, unless it is made to appear that they acted capriciously, fraudulently, or in bad faith.    (p. 244).

Certified Questions from Circuit Court, Cabell County.

Proceeding by the City of Huntington against the Frederick Holding Company and others for condemnation of land for widening a street.    Motion to strike pleas sustained as to three of four pleas, and the propriety of such action certified to the Supreme Court of Appeals.

*Affirmed.*

*Deegan & Boman,* for plaintiff.

*Williams, Scott & Lovett* and *Wm. R. Thompson,* for defendants.

RITZ, JUDGE:

The petitioner by this proceeding seeks to condemn a strip of land on either side of one of its streets known as Fifth Avenue, for the purpose of widening the same. It is alleged in the petition that a large number of the property owners have agreed with the city to convey the land necessary to be taken from them for said purpose, but that the petitioner is unable to agree with the defendants here for the interest owned by them, making necessary this proceeding to acquire the same by exercising the power of eminent domain. Defendants demurred and moved to quash the petition, and upon their demurrer and motion to quash being overruled by the court they filed four pleas. On motion to strike out these pleas, and each of them, the court refused to strike out plea No. one, but sustained the motion as to pleas Nos. two, three and four, and the propriety of this action is certified to this Court.

The grounds for the demurrer and motion to quash the petition, as stated in the court's certificate, was that it is not alleged that Fifth Avenue is a public street, and that the plaintiff desires to acquire the land sought to be taken for use as a public street, and that said land is not necessary for the use of the public as a street. We find no merit in these contentions, inasmuch as the applicant in express terms alleges that it intends to use the piece or parcel of land proposed to be taken for widening Fifth Avenue, and that when so widened said street will be used as a public street, and that the real estate proposed to be taken is necessary for such purpose. This is a clear and unequivocal averment of all that is required in this regard.

Plea No. one denies that the plaintiff seeks to acquire the land proposed to be taken in this proceeding for the purpose of widening Fifth Avenue, or for the purpose of using said land as a public street. It is conceded, of course, that the plaintiff could not condemn this land for a purely private purpose. The public purpose alleged in the petition is its use in widening one of the public thoroughfares of the city. The plea denies that this is the purpose for which the land is intended to be appropriated, and should the plaintiff fail, upon the issue made upon this allegation, to prove that this is its purpose, and should it appear that it intends to appropriate the land to some entirely private

purpose, then the right to condemn would have to be denied. We think this plea properly puts in issue the allegation of the petition that the city proposes to take this land for the purpose of widening one of its public streets, and that the court did not err in refusing to strike out the same.

Plea No. two alleges that in the deeds conveying to the owners thereof the lots fronting on either side of Fifth Avenue, within the limits in which it is proposed, to be widened, each have therein a covenant providing for an open court fifteen feet in depth, extending the entire width of each of said lots; that the plaintiff has erected its own city building upon one side of Fifth Avenue and has built the same back fifteen feet from the property line under this limitation; that the city commissioners have conceived the idea that other parties owning lots upon the same side of Fifth Avenue as that upon which the city building is situate may construct storerooms or build houses extending out to the street line and obstruct the view from the city building, and thereby depreciate its value; and that having this idea said city commissioners conceived the view of widening said Fifth Avenue an additional fifteen feet as a means of preventing the obstruction of the view from its city building.   Without deciding whether or not the city would have a right to condemn land for the purpose of preventing the view form its municipal building from being obstructed, it suffices to say in regard to this plea that it is not alleged that that was the sole motive actuating the commissioners.   It is only alleged that they had that view in mind when they determined to widen the street.   Having such a motive and purpose does not at all exclude the idea that they may also have had an entirely different purpose which likewise actuated and influenced them in coming to a conclusion. We are, therefore, of opinion that this plea was properly rejected.

Plea No. three avers that the plaintiff is a municipal corporation; that its charter contains certain limitations which it cannot exceed in the matter of laying levies and collecting taxes; that it has a large bonded indebtedness, and that in order to meet the interest on its bonded indebtedness and to provide a sinking fund to pay the same at maturity, and to pay the current expenses of running the government of said city, and for the mak-

ing of many public improvements of an imperative nature, all of the available funds will be required; and that, therefore, the city has no funds, and has no way to raise funds with which to pay for the land proposed to be taken in this proceeding. This plea admits that the city has funds and may acquire funds for the purpose of making public improvements of an imperative nature. The city authorities are the sole judges of the application of their funds for public improvements, so long as they act within the limitations prescribed by law. It may be that the city authorities consider the widening of this street one of these public improvements of an imperative nature, and of more importance to the public than some of the other improvements to which the defendants think that the public funds should be applied. Without deciding whether or not the plea would be good if it were averred that the plaintiff did not have the money, and could not acquire the same by taxation to pay for the land, this plea admits by the statement above referred to that the city has this money, and it is simply a question of whether it shall be applied to this improvement or some other improvement which the defendants consider of more importance. The action of the court in rejecting the plea was therefore proper.

Plea No. 4 alleges in effect that the public necessities do not require the widening of Fifth Avenue. That the City of Huntington is authorized to condemn land for street purposes is not questioned, and it is held with practical unanimity that where a public corporation is authorized to condemn land for a particular purpose, and no limitation is placed by the legislature upon the amount of land necessary for such purpose, the authority having the right to exercise the power must determine the amount necessary. Under such a power the amount or width of land which it is proposed to condemn, unless limited by law, is to be determined by the municipal corporation, or the proper authorities thereof, and so long as such authorities act in good faith, not capriciously, and without fraud, their action will not be reviewed by the courts. As to what the public necessities require in the way of the width of streets or extension of streets involves questions upon which differences necessarily arise, but these questions are for the determination in the first instance of the legislative authority having the right to condemn. It is en-

tirely proper and it is frequently the case that such legislative authorities, including municipal councils, hear parties interested upon these questions, and after such hearings determine the nessity for such improvement as it is authorized to make, the extent to which it is necessary to take land therefor, or the location thereof, and when this question had been decided by the legislative authority it cannot be reviewed by the courts in the absence of a showing that such decision is capricious, or was made fraudulently or in bad faith. .15 Cyc. p. 632 &c.; 10 R. C. L., Title, Eminent Domain, § 158; Nichols on Eminent Domain, § 333; *Pittsburg Hydro-Electric Co.* v. *Liston,* 70 W. Va. 83; *Chicago and Northwestern Ry. Co.* v. *The City of Morrison,* 195 Ill. 271; *Little Miami and Columbus and Zenia R. R. Co.* v. *The City of Dayton,* 23 Ohio State 510. There is no suggestion in the plea that the city authorities acted fraudently or in bad faith in determining to widen this street, nor do the facts alleged in the plea suggest that their action is capricious or unreasonable. This being so the court below properly rejected the plea.

The action of the circuit court upon all of the questions certified was proper, and we answer the same accordingly.

*Affirmed.*