## CHARLESTON.

GATRELL v. MORRIS, CIRCUIT JUDGE, et al.

(No. 5273.)

Submitted January 14, 1925. Decided January 20, 1925.

1. PROHIBITION—*Prohibition Will Not Lie to Decree Based on Bill for Divorce Alleging Sufficient Jurisdictional Facts on Ground that Bill is Multifarious and Contains Insufficient Averment.*

   Where facts sufficient to give jurisdiction to a circuit court are alleged in a bill, prohibition will not lie to a decree based thereon upon petition of defendant alleging that the bill is multifarious and contains insufficient averment.

   (Prohibition, 32 Cyc. p. 605 [1926 Anno.])

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

LITZ, JUDGE, absent.

Petition by George M. Gatrell for prohibition to be directed to Hon. P. D. Morris, Circuit Judge, and others, to restrain enforcement of decree awarding temporary alimony and suit money in suit against petitioner for divorce by Lora Gatrell.

*Writ denied.*

*Martin Brown,* for petitioner.

HATCHER, JUDGE:

In a suit for divorce *a mensa et thoro* sought by Lora Gatrell against her husband, George M. Gatrell, charging cruelty and inhuman treatment, the circuit court of Marshall County entered a decree awarding plaintiff temporary alimony and suit money. The case is here upon the petition of George M. Gatrell for a writ of prohibition to restrain the enforcement of that decree.

The petition contains a general allegation that the facts pleaded in the bill are not sufficient to give the circuit court jurisdiction. Upon an examination of the bill we find therein alleged:

1. The marriage of plaintiff and defendant;

2. That plaintiff is an actual *bona fide* citizen for more than a year immediately preceding the institution of the suit;

3. That both plaintiff and defendant are residents of Marshall County, and that they last cohabited therein.

Under sec. 7, ch. 64, Code, these allegations gave the circuit court jurisdiction of these parties.

The specific charges in the petition are:

"That no violation of law is alleged in said petition or bill of complaint, against your petitioner, to give the circuit court of Marshall County jurisdiction to enter said order herein complained of; that there are no violations of law alleged in said bill of complaint, against your petitioner, on which to base the relief prayed for in said bill of complaint; that it is attempted in said bill of complaint to unite several distinct rights, which, if alleged sufficiently against your petitioner, would be distinct in their nature and ground for separate equitable relief."

These charges, even if well founded, would not affect the jurisdiction of the court.

The petitioner further alleges "that therefore there is no charge alleged in said bill of complaint against your petitioner which would warrant the court in entering the order against him herein complained of."

Code, ch. 64, sec. 9, provides that the court "may at any time pending the suit make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman and to enable her to carry on the suit."

The bill in this case prays for suit money and temporary alimony; the defendant had notice of the motion therefor; wherefore the circuit court was well within its authority in making the allowance complained of. *Kittle* v. *Kittle,* 86 W. Va. 46, 102 S. E. 799.

A charge of multifariousness against a bill may be tested on demurrer and the ruling of the circuit court thereon reviewed on appeal. If multifarious the circuit court has full authority even on its own motion to dismiss the bill.

"A bill should not be what is technically termed multifarious; for if it is so, it is demurrable, and may be dismissed by the court of its own accord, even if not objected to by the defendant." Story's Equity Pleading, sec. 271. Quoted with approval in *Dunn* v. *Dunn,* 26 Grat. (Va.) 295.

As prohibition may not be used to usurp the functions of a demurrer, we give no consideration here to the charge of multifariousness. Referring to this writ Mr. Works, in "Courts and Their Jurisdiction," § 81, pp. 631-632, says:

"The writ is purely jurisdictional and will not lie to correct errors or be allowed to usurp the functions of a writ of error, or *certiorari* or the remedy by appeal."

This statement has been adopted as the law by this court, *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448.

"But it does not lie for errors or grievances which may be redressed in the ordinary course of judicial proceedings by appeal or writ of error. It is a fundamental principle and one which will be strictly enforced, that this writ * * * can never be employed as a process for the correction of errors of inferior tribunals. * * * It does not lie to prevent a subordinate court from deciding erroneously or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In the application of the principle it matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction." *McConiha* v. *Guthrie,* 21 W. Va. 134.

The writ of prohibtion is therefore denied.

*Writ denied.*