STATE *Ex Rel.* W. R. VANBUSKIRK *et al. v.* C. A. CONLEY, *Sheriff, et al.*

(No. 7196)

Submitted November 10, 1931.     Decided December 17, 1931.

294

*C. R. Summerfield,* for petitioners.
*W. L. Lee,* for respondents.

LIVELY, JUDGE:

By this proceeding, W. R. Vanbuskirk and M. E. Montgomery, petitioners, seek to prohibit the judge of the circuit court of Fayette County and C. A. Conley, sheriff of said county and in his own right, from carrying out a decree of the circuit court of that county, entered in the chancery cause of the State of West Virginia by the Commissioner of School Lands of said county against Amanda Tuck and others, entered on November 5, 1930. That suit in chancery was regularly instituted by the commissioner of school lands for the purpose of declaring the titles to various tracts of land in that county forfeited to the state, and to sell the tracts for the benefit of the school fund. The particular tract involved in this controversy consists of 1.13 acres of land situated near the town of Gauley Bridge, in Fayette County. It appears that Vanbuskirk and W. E. Montgomery on the one side, and Conley on the other claimed title and ownership of the land, and they were made parties to the school land proceeding and made their defenses therein before the court and before the master in chancery to whom the cause was referred. The land in controversy is a part of a larger tract formerly owned

by Hill, and Vanbuskirk claims that his father purchased the 1.13-acre tract from Hill and entered into possession thereof, after which event, Hill died without making him title thereto; that they were unable to obtain title from the Hill heirs; and in the year 1907, W. E. Montgomery (who had no title or claim to the lot) executed to F. S. Vanbuskirk, father of plaintiff Vanbuskirk, a deed for the lot. That deed was promptly admitted to record, but no taxes were paid by the Vanbuskirks until the year 1920, when they had the land entered for taxation and since that time for about seven years they have paid taxes assessed against the tract of land conveyed to them under that deed. Conley purchased in a court proceeding at judicial sale a part of the land belonging to Hill, deceased, which purchase included the lot in controversy, and paid all of the taxes thereon from the date of his purchase, the taxes on the entire land having previously thereto been paid by the Hill heirs. The master commissioner reported that the Vanbuskirk title acquired through Montgomery was adverse to that of the Hills and to that of Conley; that it was forfeited for non-entry and non-payment of taxes thereon from the year 1907 until the year 1920; that Conley and his predecessors in title had paid the taxes for all these years, and that the Vanbuskirk title being thus forfeited inured to the benefit of Conley, and that the title of Vanbuskirk under that deed was transferred to the Hill heirs and Conley, under the constitution. The state, by counsel, excepted to the report and so did Vanbuskirk and Montgomery. The court overruled the exceptions to the report and confirmed it, holding that the title of Vanbuskirk was hostile to that of Conley and the Hills; that it was forfeited for non-entry and non-payment of taxes from 1907 to 1920; that Conley and his predecessors in title had paid the taxes thereon and that their title was not forfeited, and that the Vanbuskirk title was transferred to Conley, under section 3, Article XIII of the Constitution, and decreed that the forfeited title of Vanbuskirk was transferred to and vested in the estate of Hill, deceased, and was subsequently granted to Conley; that the title of Vanbuskirk thus transferred to Conley was not subject to sale for the

benefit of the school fund since Conley and his predecessors had paid the taxes on the entire estate, including the land in controversy; that the said tract of land in controversy was not subject to sale in that suit, and the proceeding was dismissed as to that tract of land. Writ of possession was awarded to Conley. Vanbuskirk and Montgomery applied for and obtained an appeal from that decree, but failed to perfect it and their appeal was dismissed. They now seek to prohibit the execution of the writ of possession awarded in that suit on the ground that the court had no jurisdiction to pronounce the decree.

Petitioners say that while the court had general and broad jurisdiction to entertain the suit for forfeiture of their title, yet it was the mandatory duty of the court to dismiss the cause as to this particular tract when it was made to appear that petitioners had been in actual continuous possession of the tract under color or claim of title for ten years and had paid taxes thereon for five years during such possession, which, they assert, was clearly shown in the case; and that the court had no jurisdiction to determine whether their title was forfeited, or that the forfeiture inured to Conley, under section 3, Article XIII of the Constitution. This contention is made because of section 6, chapter 105, Code 1923 (now 37-3-13, Code 1931). It appears that Vanbuskirk entered the land for taxation under the Montgomery title in 1920, and paid taxes thereon for five years after that date. It is quite clear that all claim of title under the Montgomery deed was forfeited to the state for non-entry and none-payment of taxes from 1907 to 1920. His claim of title under that deed was lost when he entered the land for taxation for the year 1920. Under section 18 of the above chapter (Code, 1923), the court is given "full jurisdiction, power and authority to hear, try and determine all questions of title, possession, and boundary which may arise therein as well as any and all conflicting claims whatever to the real estate in question arising therein." The state insisted that both the Vanbuskirk and Conley titles were forfeited, while Conley and Vanbuskirk insisted that their respective titles had not been forfeited. Clearly the court had jurisdiction to determine the questions arising between the

state and the claimants, and those arising between the claimants themselves. In *State* v. *Hicks,* 75 W. Va. 767, the land was proceeded against as forfeited to the state in the name of Mary and Barney Johnson for non-entry, and it appeared that an intervening coal company had paid the taxes on the land on a title hostile to that of the Johnsons. The title of the Johnsons was held to be forfeited and was decreed to be transferred to the coal company, under the constitution and the suit to sell the land, as forfeited, dismissed. The court had jurisdiction to sell, but the taxes had been paid by a claimant under a title adverse to the Johnsons, and the land was not forfeited to the state. The Johnson's title was forfeited and the court had jurdisdiction to determine where that forfeited title was lodged under the Constitution. The court said (p. 770): ''The state simply failed to make out a case entitling it to sell the land for the benefit of the school fund. There is no pretense that appellant's title to the 100-acre tract was not actually forfeited; and the forfeiture whether of a good or bad title when forfeited, confers jurisdiction and power on the court to determine the rights of the respective claimants. It is not essential that the title should be in the state, to warrant a proceeding by the commissioner of school lands. It is only necessary that there be a forfeiture, and when such is the case, the court is authorized to determine all questions relative to the forfeited title.''

· In the instant case, the court was called upon under the issues to determine whether Vanbuskirk's title was forfeited, and had jurisdiction not only to determine that issue, but to likewise determine to whose benefit that forfeiture inured in the event a forfeiture was declared. Whether the court correctly found a forfeiture of the Vanbuskirk title under the continuous possession he showed, payment of taxes, and the other circumstances of the case, we are not now concerned. It may have been error. An appeal was granted on that alleged error, and was dismissed for failure to prosecute under the provisions of the statute allowing appeals. We are now concerned with the jurisdiction of the court to pronounce that decree, for prohibition will not lie to a lower court, unless it is acting without jurisdiction, or having jurisdiction, has

exceeded its legitimate powers. Prohibition is based on lack of jurisdiction to do the particular act complained of. Its purpose is to keep lower courts and tribunals within the limits and bounds prescribed for them by law. It is never allowed to usurp the functions of writ of error, certiorari, or appeal. It can never be used for the correction of errors. It is one of the harsh remedies, and will not lie where there is other adequate remedy. But if the inferior court has general jurisdiction of the subject matter, and it clearly appears that it has exceeded its powers in some matter pertaining thereto, and there is no adequate remedy in the ordinary course of proceeding, prohibition will lie. *McConiha v. Guthrie, Judge,* 21 W. Va. 134. Many later cases lay down these general principles.

Is the decree complained of void or voidable? If void, it may be collaterally attacked; if voidable only, it cannot be impeached collaterally. It was said in *St. Lawrence Co.* v. *Holt,* 51 W. Va. 353: "If any jurisdictional question is debatable or colorable, the tribunals must decide it; and an erroneous conclusion can only be corrected by some proceeding provided by law for so doing, commonly called a direct attack," quoting from Van Fleet on Col. Attack. And the court further said: "These considerations and authorities lead to the conclusion that in a case in which it is questionable or debatable whether a court has jurisdiction, and it erroneously decides that it does have, its judgment or decree is erroneous and voidable only, and subject to correction only by proper proceedings in the court which rendered it or by an appellate court, and is not void or open to collateral attack."

Clearly the court had jurisdiction to decide upon the question of forfeiture of Vanbuskirk's title for non-entry and failure to pay taxes, as charged by the state in its bill. And we do not think that jurisdiction was ousted upon the showing made by petitioners that they had been in continuous possession under color or claim of title and had paid taxes for five years. "If the court's jurisdiction depends upon issues of fact, it has power and jurisdiction to decide them, even though the evidence relied upon to prove the jurisdictional

facts is wholly uncontradicted and absolutely conclusive, and it cannot be deprived of its right to do so by prohibition or any other collateral proceeding." *State* v. *Bland, Judge,* 89 W. Va. 600, (1st pt. syl.). See *Gatrell* v. *Morris, Judge,* 98 W. Va. 34. The court may have erroneously decided that such showing did not warrant a dismissal of the proceeding against petitioners. Take it for granted, that upon such showing the court should have dismissed the 1.13-acre tract from the proceeding, then it was an error of judgment which was open to direct attack.

The writ is refused.

*Writ refused.*