NAAMAN SHELTON *v.* STATE ROAD COMMISSION

(No. 7366)

Submitted October 25, 1932.   Decided December 12, 1932.

*H. B. Lee*, Attorney General, and *R. Dennis Steed*, Assistant Attorney General, for appellant.

*W. E. R. Byrne*, for appellee.

LITZ, JUDGE:

This is a suit by a landowner to enjoin the state road commission from condemning a triangular parcel of land, defined by the intersection of three state roads in Clay county. From a decree granting plaintiff relief, defendant has appealed.

The land is sought to be condemned not for present use, but for the alleged purpose of using a portion thereof as right of

way in event of the roads being widened at the intersection. As the widening of the roads at that point (according to the evidence) must be effected by extending the outer boundaries thereof, in order to relieve the curvature at the inner sides, it would appear that such proposed public use is merely colorable. It is also claimed that the land should be condemned as a traffic safety measure to prevent its use for an automobile service station. A number of witnesses for plaintiff, including a prominent and skilled engineer, opposing the opinion of a witness for defendant, stated, in substance, that the maintenance of a filling station on the property will not, in their judgment, appreciably endanger traffic. Plaintiff has maintained and operated thereon for two years two gasoline pumps with incidental equipment for the sale of gasoline, apparently without interference with traffic.

Section 4, article 4, chapter 17, Code 1931, authorizes the road commission to condemn the right of way necessary to widen, straighten, grade or alter any state road. While it is ordinarily within the discretion of the agency exercising the power of eminent domain to determine the quantity of land necessary for a public use (*City of Huntington* v. *The Frederick Holding Co.*, 85 W. Va. 241, 101 S. E. 461), what is such public use as will justify the exercise of the power in the particular case is usually a judicial question depending upon the facts. *Baltimore & Ohio Railroad Co.* v. *Pittsburgh, Wheeling and Kentucky Ry. Co.*, 17 W. Va. 812, 842.

We are of opinion to affirm the ruling of the circuit court. Our decision, however, will not preclude the state in a future proceeding, under materially changed circumstances.

*Affirmed.*