STATE *ex rel.* UNITED FUEL GAS COMPANY

*v.*

MAX DEBERRY, *Judge, etc., et al.*

(Nos. 9968-9972, Incl.)

Submitted July 2, 1947. Decided July 11, 1947.

Bernard J. Pettigrew, J. Edward Litz, and Harold A. Ritz, for relator.

Maxwell & Young and Haymond Maxwell, Sr., P. Douglass Farr, and Linn B. Ferrell, for respondents.

RILEY, JUDGE:

These five proceedings in mandamus of *State of West Virginia ex rel. United Fuel Gas Company* v. *Max De-Berry, Judge of the Circuit Court of Doddridge County, et al.*, serially numbered 9968, 9969, 9970, 9971, and 9972, are companionate with each other and with the proceeding in mandamus Case No. 9957, *State of West Virginia ex rel. United Fuel Gas Company* v. *Max DeBerry, Judge of the Circuit Court of Doddridge County, et al.* The opinion in the last-named case is announced contemporaneously herewith.

In all of the proceedings relator seeks a writ of mandamus against the respondent judge, commanding him, in those certain proceedings in eminent domain instituted by it as plaintiff in the Circuit Court of Doddridge County against certain land owners and owners of interests in land whose property is sought to be condemned for the purpose of the construction of a pipe line through said lands, to forthwith pass upon and determine the form of the bond tendered by relator under Code, 54-2-15, and enter an order permitting it to enter upon the land sought

to be condemned. Basically, four of the five proceedings now under consideration differ among themselves and with Case No. 9957, only in the identity of the parties respondent, the tracts of land involved, the interests of respondents other than the respondent judge, and the amounts of the bonds tendered. As to the remaining case, No. 9971, it involves three tracts of land in which one group of respondents owns the fee in two tracts and the surface in the third, as well as one-half of the oil and gas in the latter; and the other respondents are either the owners of the remainder of said minerals or have inchoate rights of dower.

In the interest of brevity, we shall consider only the facts portrayed and the questions arising in Case No. 9971.

In the last-mentioned case, United Fuel Gas Company, a public service corporation, invested under Chapter 54 of the Code, with the powers of eminent domain, sought to acquire a fifty-foot easement for the purpose of constructing a twenty-inch pipe line through three certain parcels of land in Doddridge County of 248 acres, 16.9 acres, and 37 acres and 39 poles, respectively. According to the petition in the eminent domain proceeding, O. C. Haught, O. V. Haught, W. P. Haught, Alice Haught, Lillie Haught Carson are the owners in fee of the 248 acres and the 16.9 acres of land and of the surface of the parcel of 37 acres and 39 poles, as well as one-half of the oil and gas thereunder; respondents Victoria Hansford, Lot P. Hansford, Francis H. Hansford, Mary L. Hansford, Lelia Findley and Julia A. Conrad are the joint owners of the remaining one-half of the oil and gas royalty in and under said parcel of 37 acres and 39 poles; respondent Laura V. Smith is the owner of the coal in and under the parcel of 37 acres and 39 poles; and the above-mentioned parties are the only persons who have any interest in the lands sought to be condemned, except that the spouses of O. C. Haught, W. P. Haught, Lillie Haught Carson, Lelia Findley and Julia A. Conrad, respectively, each have an inchoate right of dower in the respective interests of their husbands or wives; and, as petitioner is informed and be-

lieves, there are no liens or encumbrances upon the land sought to be condemned and no conflicting claims thereto.

In its petition in mandamus, relator alleges that, in order to meet its natural gas requirements during the winter of 1947-48, and subsequent years, it is necessary to construct the proposed pipe line, and that, after making a survey, relator on May 20, 1947, presented to the Judge of the Circuit Court of Doddridge County its verified application to condemn a right of way for an easement for the construction of a twenty-inch gas pipe line under and across the three parcels of land of O. C. Haught and others, for a distance of 319.09 rods, and tendered with the petition a bond in the penalty of one thousand dollars, executed by relator and the American Surety Company of New York as surety, conditioned, so the petition alleges, according to law, which the relator asked the circuit judge to approve, and relator further asked the circuit judge, in accordance with Code, 54-2-15, for the entry of an order granting it the right to go upon the premises and begin the work of constructing the proposed pipe line.

Relator alleges that upon the presentation to the respondent judge of the petition and bond aforesaid, interested parties, having had notice, appeared and objected to the sufficiency of the petition on the ground that it did not define with certainty the character and description of the easement sought to be condemned, and likewise objected to "the conditions set out in said bond in that the same are not in strict compliance with the language of the statute, as well also as the form and amount of the bond as tendered." The only ground pointed out in support of the objection is the following: "To be used for a period not to exceed ninety (90) days, for the purpose of constructing said pipe line, said strip being the width required for the use of necessary equipment in construction of same, thereafter a perpetual right of way of only sufficient width on either side of said center line for the purpose of operating, maintaining and finally removing said pipe line."; and in order to expedite the work of construction, relator alleges,

it then moved respondent judge for permission and authority to amend its petition by deleting the alleged objectionable features thereof, and there being no objection to such motion, the petition was so amended by leave of court. Thereupon relator moved that the petition as amended be filed; that the bond be approved; and that relator be permitted to go upon the property to begin the contemplated construction.

The circuit court, as shown by its order of May 20, 1947, filed as an exhibit with relator's petition in mandamus, found "that the case is one in which the petitioner has a lawful right to take said interests in said land described in said petition and notice, for the purposes set out in said petition, and that said interests in the said tract of land so proposed to be taken are necessary for the purposes aforesaid, and will be used therefor, and the said petitioner, praying for the appointment of commissioners to ascertain a just compensation to the said parties hereinbefore named, the owners of said tract of land, by taking the same for the said purposes for the laying, constructing, maintaining, operating, and removing of a twenty (20) inch gas pipe line, as in its petition asked"; and so finding, the respondent judge nominated thirteen disinterested freeholders, from whom five were selected, as provided by law, to act as such commissioners. This order further provided that upon the five commissioners being notified of the place and date set for viewing the premises, "shall thereafter proceed with all convenient speed and after viewing said premises and hearing any proper evidence offered" shall ascertain, according to law, what will be a just compensation to the parties entitled thereto for said interests in said lands, and shall make report to the respondent judge in vacation or the circuit court in term; and further the order of May 20, 1947, provided that the proceeding be set down for June 5, 1947, at ten o'clock a. m. at the courthouse in West Union, at a special term of the circuit court, for the purpose of hearing "any objections to said bond and the request of the petitioner for the approval of the same"; and that at least five days' written

notice be given by petitioner to all of the defendants other than those who appeared at the hearing on May 20, 1947, or were represented by counsel, of the date, time and place for the hearing of the objections of the interested parties and the request of United Fuel Gas Company for approval of the bond.

On June 5, 1947, at the time and place fixed for consideration of the bond, relator appeared and tendered a rider to the bond, bearing date May 23, 1947, increasing the penalty thereof from one thousand to sixteen hundred dollars, and deleting the last paragraph of the bond and "inserting in lieu thereof a new paragraph conforming to and in the exact language of the statute in regard to the conditions of said bond"; requested that the rider be made a part of the bond; that the same, as amended, be approved; and that petitioner be permitted to enter upon and take possession of the premises.

At the hearing on June 5, 1947, the respondent judge considered the petition as amended and without any demurrer or plea to the petition, held that the same was insufficient in several particulars, which are identical to those in Case No. 9957 and are summarized in the opinion in that case as follows: " (1) The petition does not 'describe with reasonable certainty the property proposed to be taken' * * *; (2) The petition does not specify 'the particular estate less than the fee it is proposed to take,' * * *; (3) The petition does not fully 'state the use for which the estate is to be appropriated' * * *; (4) Since the pipe line is to be laid below the surface of the ground, the petition does not specify the names of all of the owners * * *; (5) After amendment of the description of the land to be taken at the bar of the court, * * * the petition was not again executed and verified * * *."

Having *ex mero motu* made the foregoing objections to the petition, the respondent judge continued the proceedings to June 14, 1947, at which time relator indicated that it did not desire further to amend its petition. Respondent judge then directed the entry of an order dis-

missing the petition, though such order was actually entered only in Case No. 9957, in which this Court, by an order of June 28, 1947, awarded a writ, and Case No. 9968 now under consideration in this opinion.

From the foregoing it is apparent that the questions here presented, save one, are identical with those considered and disposed of in Case No. 9957 by order of June 28, 1947, and are controlled thereby.

The additional question grows out of the fact that relator seeks to obtain a right of way for its pipe line through three separate tracts of land in which, as heretofore indicated, one group of respondents is the owner in fee of two parcels of land and the surface of and a one-half interest in the oil and gas in a third parcel; another group owns the remaining one-half of the oil and gas in the third parcel; one of respondents owns the coal underlying the third parcel; and the remaining parties have inchoate rights of dower in the interests of their respective husbands or wives. Thus it may be contended that because of the diversity of interests of respondents, and the fact that several tracts of land are involved in a single application, this proceeding cannot be maintained.

In *Charleston & South Side Bridge Co.* v. *Comstock*, 36 W. Va. 263, 15 S. E. 69, a proceeding in eminent domain, this Court held in point 11 of the syllabus: "Each owner of each parcel has a right to a separate trial and finding, though all may be embraced in one application." As we understand the *Comstock* case, this Court held that, though several defendants owning separate tracts of land may be joined in a single application, they may not be compelled to submit to a joint trial by jury. At the time this case was decided, the applicable statute, Acts, West. Virginia Legislature, 1881, Chapter XVIII, read: "4. The proceeding may be instituted jointly against all the owners of the real estate proposed to be taken, lying within the county, including tracts lying partly therein and partly in an adjoining county, or it may be instituted against the owners of one or more parcels." But the

statute applicable to the instant proceedings, Code, 54-2-2, reads: "The pleadings shall be in writing and shall be verified. The petition shall describe with reasonable certainty the property proposed to be taken, and may embrace one or more parcels of land where the ownership is the same. * * *." It is to be noted that the words "and may embrace one or more parcels of land *where the ownership is the same*" (italics supplied) were not incorporated in the statutory law of this State prior to the enactment of Code, 1931, and the Revisers' Note in reference to the statutory innovation reads: "It is not deemed wise to permit joining the owners of distinct and separate tracts of land in the same proceeding, as each owner should be permitted to defend his rights without uniting in other matters in which he has no interest." Here, as we have indicated, one group of respondents in Case No. 9971 owns the fee in two separate tracts involved in that proceeding and the surface and oil and gas in the third tract. Inasmuch as applicant here seeks simply an easement for the purpose of constructing a pipe line and there is nothing in the record which would indicate that the minerals will be destroyed or interfered with by the construction of the pipe line, the mineral owners, having been made parties to the petition in Case No. 9971 and not protesting, the inhibition contained in Code, 54-2-2, limiting an application embracing several parcels of land to those cases "where the ownership is the same," is, in our opinion, inapplicable. This practical interpretation of the statute is justified under *Carnegie Natural Gas Co.* v. *Swiger,* 72 W. Va. 557, 79 S. E. 3, in which this Court held in point 2 of the syllabus that in a proceeding in eminent domain, in which petitioner seeks to condemn a right of way or easement for the purpose of constructing a pipe line for the transportation of oil or gas, when less than a fee is taken, it is unnecessary to describe in the petition "a definite width or depth," but the right of way or easement "must pursue a definite line, with courses and distances given, and have definite or fixed termini."

In Case No. 9968, the orders of June 5 and June 14, 1947,

were entered in the clerk's office, the latter being a dismissal order purporting to be final, and photostatic copies thereof were filed as exhibits with the petition in that case. In Cases Nos. 9969, 9970, 9971 and 9972 the orders of those dates were not actually entered in the clerk's office, but the entry was directed by respondent judge on June 14, 1947. Those orders are similar to those actually entered in Case No. 9968. Thus it may be contended that in Case No. 9968 relator should have resorted to writ of error instead of mandamus. On this question it should be noted that the dismissal order of June 14, 1947, was entered three days before relator filed its petition in Case No. 9968. Such position, however, is untenable, for the reason that the rule in Case No. 9957 was awarded on June 11, 1947, and the case was pending and had been set for hearing on June 19, 1947, prior to the entry of the dismissal order in Case No. 9968, and thus at the time of the entry of the last-mentioned order respondent judge was apprised that his right to enter a dismissal order was indeed questionable, and, in our opinion, in view of the entry of the order of this Court awarding a writ in Case No. 9957, the respondent judge was not justified in causing the dismissal order in Case No. 9968 to be entered, and, without regard to the motive which respondent judge may have entertained in the entry of the dismissal order, if allowed to stand it would oust and circumvent the processes of this Court in the proceedings pending here. An order entered in such circumstances is a nullity and should not be allowed to stand.

It follows from the foregoing that the writs prayed for should be and are awarded in all the proceedings embraced in this opinion.

*Writs awarded.*