294 S.E.2d 173

**WEST VIRGINIA DEPARTMENT OF HIGHWAYS**

v.

**The PIONEER COMPANY, et al.**

**No. 14954.**

Supreme Court of Appeals of West Virginia.

July 8, 1982.

Steptoe & Johnson and Charles W. Yeager, Charleston, for plaintiff.

Anthony G. Halkias and Frank S. Curia, Legal Div., DOH, Charleston, for defendants.

PER CURIAM:

The Pioneer Company (Pioneer) appeals from an adverse judgment of the Circuit Court of Kanawha County in a condemnation action instituted by the Commissioner of the West Virginia Department of Highways (Commissioner or Department). Pioneer is the owner of Wilson Island located in Kanawha County on the north bank of the Kanawha River near Dunbar, West Virginia. An interstate bridge crossing the Kanawha River between South Charleston and Dunbar passes over and is partially supported by piers located on and just off shore from Wilson Island. The Commissioner filed this action to acquire title to a portion of Wilson Island in order to enter upon the property and to correct and to prevent further damage to one of the piers. The circuit court, in granting an immediate right of entry, ruled that the proposed con-

demnation was necessary, and was not arbitrary and capricious.

Pioneer contends that the evidence did not establish the necessity of taking its property and that the Department acted arbitrarily and capriciously in deciding the amount of land to be taken because its decision was made without knowledge of and consideration of important facts. We cannot agree with either contention.

■ The evidentiary record of the circuit court proceedings clearly reveals that it was necessary for the Department to acquire the portion of Wilson Island located between Pier No. 8 in the river and the next pier located on the island. After the interstate bridge was constructed, fill material was placed against Pier No. 8, causing the pier to tilt, thereby threatening the structural integrity of the interstate bridge. It was thus necessary to excavate around the pier to remove the improperly placed fill material so that the pier could return to its normal position. An engineer for the Department testified that Pier No. 8 is sensitive to unbalanced earth pressures. In these circumstances, the Commissioner quite reasonably determined that he should take steps to correct, protect, and maintain the stability of the pier in the future, and his decision was by no means arbitrary.

Pioneer also presses the contention that the Commissioner acted arbitrarily and capriciously in determining the amount of land to be taken. We have no quarrel with Pioneer's contention that an agency may act arbitrarily and without justifiable reason when it makes determinations without knowledge of or consideration of important pertinent facts. Upon examination of the record, however, we conclude that the Commissioner, contrary to Pioneer's assertions, had a rational basis for his determination as to the amount of property that should be taken.

The Director of the Structures Division of Highways consulted with and concurred in the recommendations of a soils engineer who assisted in a study of the movement of the pier. The engineer recommended that a twenty-five foot bench be constructed with a three-to-one slope ratio. This recommendation was consistent with the Department's practice in critical areas. It was a reasonable approach for preventing soil from sloughing off behind the pier. There was also evidence that construction and land costs were considered by the Department. Pioneer's evidence did not establish the Department failed or refused to consider pertinent facts or that its ultimate decision was not reasonable.

■ Although we agree that the Department might well have taken additional steps to document the rationality of its decision-making process, we cannot say, any more than the circuit court could, that the agency acted capriciously, fraudulently or in bad faith. The principle of law which adequately expresses the reason for our disposition of this case is set forth in syllabus point 3 of *State v. Professional Realty Co.*, 144 W.Va. 652, 110 S.E.2d 616 (1959):

"The necessity for taking land for a state highway improvement project, and the amount of land reasonably necessary for that purpose, are matters within the sound discretion of the state road commissioner; and such discretion will not be interfered with by the courts unless, in the exercise of such discretion, he has acted capriciously, arbitrarily, fraudulently or in bad faith."

*See also*, Syl. pt. 1, *Mr. Kleen Car Wash, Inc., v. Ritchie*, 161 W.Va. 615, 244 S.E.2d 553 (1978), *quoting*, Syl. pt. 2, *State v. Bouchelle*, 137 W.Va. 572, 73 S.E.2d 432 (1952).

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is affirmed and the case is remanded for further proceedings.

Affirmed.

McHUGH, J., deeming himself disqualified, did not participate in the decision in this case.